UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REDDIE HOUSTON, (TDCJ # 01445539), <br><br> *Plaintiff*, <br><br> vs. <br><br> MR. FREDERICK, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § CIVIL ACTION NO. H-24-1252 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Reddie Houston, (TDCJ #01445539), is an inmate in custody at the Stiles Unit of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ). Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983, alleging that TDCJ Corrections Officers Mr. Frederick, Mr. Winfrey, and Corey Jones violated his constitutional rights. (Dkt. 1). Because Houston is an inmate who proceeds *in forma pauperis*, the Court is required to examine his complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B), § 1915A(b). After reviewing the pleadings and the applicable law, the Court concludes that this case must be dismissed for the reasons explained below.

## I. BACKGROUND

Houston is currently confined at TDCJ's Stiles Unit. (Dkt. 1). He alleges that when he was previously confined at the Estelle Unit, he was assigned to work in the textile mill. (*Id.* at 3-4). One day while he was working, his left hand got caught in one of the machines, resulting in severe injuries. (*Id.* at 4). Houston alleges that the defendants are the TDCJ supervisory personnel who failed to properly secure the machinery in the textile mill, failed to perform safety checks on the machines, and failed to file proper reports about his hand injury. (*Id.* at 3). He seeks compensatory damages for his injuries, and he asks the Court to prosecute the defendants for their actions. (*Id.* at 4).

In his complaint, Houston admits that he previously filed an action against the same defendants concerning the same incident and injuries. (*Id.* at 2). And court records show that Houston filed a previous action under 42 U.S.C. § 1983 against these same defendants for these same injuries. *See Houston v. Plant Supervisor Fredericks, et al.*, Civil No. H-21-156 (S.D. Tex.). In the complaint in that action, Houston alleged that Fredericks failed to provide safety training to all textile mill employees and that Jones and Winfrey were textile mill supervisors who were aware of the safety violations but did nothing to correct them. *Id.* at Dkt. 1. Houston alleged that as a result of the safety violations, his left hand was pulled into one of the machines while he was working as a weaver on December 7, 2019, and he

suffered severe injuries to that hand. *Id.* at Dkts. 1, 10. He sought both injunctive relief and compensatory damages against each of the defendants in that action. *Id.* at Dkt. 1.

In the earlier action, the Court ordered the defendants to answer Houston's complaint, and they responded with a motion to dismiss based on sovereign immunity and Houston's failure to state an actionable claim under § 1983. *Id.* at Dkt. 16. After considering the complaint, the motion to dismiss and Houston's response, and the law, the Court dismissed Houston's complaint on both grounds. *Id.* at Dkts. 20, 21. Houston appealed that judgment, but his appeal was dismissed for want of prosecution. *See Houston v. Plant Supervisor Fredericks, et al.*, Appeal No. 24-20037 (5th Cir. Apr. 10. 2024).

Houston filed his current complaint on April 3, 2024, while his appeal of the earlier judgment was still pending in the Fifth Circuit. (Dkt. 1). Houston offers no explanation for his decision to file a second action against the same defendants for the same injuries rather than pursuing his appeal to conclusion.

## II.   DISCUSSION

Because Houston is a prisoner, his action is subject to the provisions of the Prison Litigation Reform Act ("PLRA"), which was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (quoting *Jones v. Bock*, 549 U.S. 199, 202-03

(2007)) (cleaned up). To accomplish this, the PLRA requires federal district courts to screen prisoner complaints and dismiss any claims that are frivolous, malicious, or that fail to state a claim upon which relief may be granted. *See Crawford-El v. Britton*, 523 U.S. 574, 596-97 (1998).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

A complaint is considered malicious for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1987) (per curiam) ("Repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) as malicious.") (cleaned up). Actions that arise from the same series of events and allege the same facts against the same defendants as a prior action are considered

4


malicious and will be dismissed as duplicative and malicious. *See Willis v. Bates*, 78 F. App'x 929, 929 (5th Cir. 2003) ("A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit."); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) ("[C]omplaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.").

In his current complaint, Houston sues Frederick, Jones, and Winfrey for the injuries he suffered to his left hand while working in the textile mill at TDCJ's Estelle Unit. But court records reflect that Houston unsuccessfully litigated these same claims against these same defendants relating to this same injury in a separate lawsuit filed previously in this district. His current action is duplicative of his prior action. It will be dismissed as duplicative, malicious, and legally frivolous.[1]

---

[1] The Court notes that in his earlier action, Houston alleged that the incident resulting in the injuries to his left hand occurred on December 7, 2019. *See Houston v. Plant Supervisor Frederick, et al.*, Civil No. H-21-156 (S.D. Tex.), at Dkt. 1. In Texas, civil rights actions under § 1983 are subject to a two-year statute of limitations period. *See Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam). It therefore appears that even if Houston's claim was not subject to dismissal for being legally frivolous, it would be barred as untimely by the statute of limitations. The Court does not dismiss on this basis, however, because Houston does not affirmatively allege the date of his injury in his current complaint.

## III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Houston's civil rights claims against Mr. Frederick, Corey Jones, and Mr. Winfrey, (Dkt. 1), are **DISMISSED with prejudice** as legally frivolous under 28 U.S.C. § 1915(e)(2)(B).

2. Any pending motions are denied as moot.

3. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas on ____Apr 12____, 2024.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE